## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

BILLY G. ASEMANI, #339096          *

Petitioner                         *

v                                  *          Civil Action No. RDB-10-1875

                                   *

U.S. BUREAU of IMMIGRATION
 and CUSTOMS ENFORCEMENT           *

Respondent                         *
                                  ***

## MEMORANDUM OPINION

Billy G. Asemani, a Department of Correction inmate housed at the North Branch

Correctional Institution, petitions for a Writ of Habeas Corpus to challenge a detainer lodged

against him. The Court will DISMISS the Petition without prejudice for reasons that follow.

### I.    BACKGROUND

Asemani pleaded guilty to attempted second-degree murder and is serving a thirty-year

sentence. He claims that the detainer lodged against him by Immigration and Customs

Enforcement (ICE) officials disqualifies him from unspecified prison programs the successful

completion of which would render him eligible for early release. [1]

---

[1] Asemani, a native of Iran, has previously challenged his removal to Iran. He now claims that he is
unlikely to be removed given the danger he would face in Iran as member of the Bahai faith and reasons
that the immigration detainer should be lifted. Asemani has exhaustively litigated his immigration claims
in this Court and others. *See e.g. Asemani v. Attorney General of the United States, et al.,* 140 Fed. Appx.
368 (3rd Cir. 2005); *Asemani v. Chertoff,* Civil Action No. RDB-05-1773 (D. Md. 2005); *Asemani v. U.S.
Bureau of Immigration and Customs Enforcement,* Civil Action No. RDB-05-987 (D. Md. 2005);
*Asemani v. Rice,* 2005 WL 1903560 (D.D.C. 2005); *Asemani v. Ridge, et al.,* 2004 WL 2244542 (E.D. Pa.
2004); *Asemani v. Ridge, et al.,* 2004 WL 834729 (E.D. Pa. 2004); *Asemani v. Mahmood Ahmadinejad, et
al.,* Civil Action No. RDB-10-874 (D. Md).

## II.    DISCUSSION

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c); *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). An alien who is confined pursuant to a criminal conviction, and who is subject to an immigration detainer which seeks notification in advance of release, does not satisfy the custody requirement. *See e.g. Garcia-Echaverria v. United States,* 376 F.3d 507, 510-11 (6th Cir. 2004); *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540-41 (5th Cir. 2003). An ICE detainer alone does not satisfy that requirement. *See e.g. Orozco v. Immigration and Naturalization Serv.,* 911 F.2d 539, 541 (11th Cir.1990); *Prieto v. Gluch*, 913 F.2d 1159, 1164 (6th Cir.1990); *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988).

Asemani has alleged no facts to establish that he is in custody of the Immigration and Customs Enforcement authorities to satisfy the "in custody" requirement for habeas relief and the petition shall be dismissed for lack of jurisdiction. To the extent Asemani might assert that his civil rights are abridged because he is ineligible for certain prison programs, he may present his claims in a civil rights complaint. The Court expresses no opinion about the merit of such an action. A separate Order shall follow this Memorandum Opinion.


August 2, 2010
_____
DATE

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE